UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LaRON MARSHALL, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Case No.  1:10-cv-00414-IPJ-HGD |
| ) | |
| DR. WILLIAM MARK HOLBROOK, ) | |
| et al., ) | |
| ) | |
| Defendants ) | |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on August 26, 2011, recommending that the defendants' motion for summary judgment be granted and this cause be dismissed with prejudice.  The plaintiff filed objections on September 19, 2011.

The plaintiff complains that his motions, letters, and affidavits were not fairly considered by the court and complains that he was not allowed to conduct discovery and present evidence.  The merits of the plaintiff's claim were not reached because he failed to exhaust his administrative remedies prior to filing this lawsuit in federal court.

In 1996, Congress enacted the Prison Litigation Reform Act of 1995, Pub.L. No. 104-134, 110 Stat. 1321 (1996) (PLRA) in an attempt to control the flood of prisoner lawsuits. Title 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1995 ("PLRA"), provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

In *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998), the Eleventh Circuit Court of Appeals discussed the amendment of 42 U.S.C. § 1997e(a) by the PLRA, concluding that "Congress now has mandated exhaustion" and that "exhaustion is now a pre-condition to suit [by prisoners]." 159 F.3d at 1325-26. The Court of Appeals for the Eleventh Circuit has also made it very clear that a district court may not waive this exhaustion requirement. *Id.* at 1326.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections filed by the plaintiff, the court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and his recommendation is ACCEPTED. The court EXPRESSLY FINDS that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law. Accordingly, defendants'

motion for summary judgment is due to be GRANTED and this action is due to be DISMISSED WITH PREJUDICE.  A Final Judgment will be entered.

DONE this 26th day of October 2011.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE